IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

SANJUAN TORREZ, INDIVIDUALLY  §
AND ON BEHALF OF THE ESTATE    §
OF RAIMUNDO JAVIER TORREZ,     §
DECEASED, AND ALL LEGAL        §
BENEFICIARIES THEREOF          §
(GRECIA TORREZ, A MINOR),      §
                               §
            Plaintiffs,        §
                               §
VS.                            §  CIVIL ACTION NO. 4-90-812-A
                               §
TRINITY INDUSTRIES, INC.,      §
                               §
            Defendant.         §

## O R D E R

In view of the final judgment signed in the above-styled action on December 20, 1991, there is no further need for Carey Walker to serve in the capacity as guardian ad litem for Grecia Torrez.

The Court, therefore, ORDERS that Carey Walker be, and is hereby, discharged as guardian ad litem for Grecia Torrez and that he is relieved from any further obligation to Grecia Torrez.

Signed December 20, 1991.

JOHN McBRYDE
United States District Judge

APPROVED AS TO FORM
AND SUBSTANCE FOR ENTRY:

LAW OFFICES OF FRANK L. BRANSON



By: Steven King
    State Bar No.
Highland Park Place, 18th Floor
4514 Cole Avenue
Dallas, Texas 75205-4185.

ATTORNEYS FOR PLAINTIFFS

LOCKE PURNELL RAIN HARRELL
(A Professional Corporation)

By: _____
    McCracken
    Bar No. 13474500
220 _____ Avenue, Suite 2200
Dallas, Texas 75201-6776
(2__) ___-8000
(2__) ___-8800 (fax)

ATTORNEYS FOR DEFENDANT
TR____NG INDUSTRIES, INC.

_____
Ca__ _____ker, as Guardian ad litem
    Bar No. 20695150
BA__ _NDRITH, KULESZ, P.C.
60_ _bram
Arlington, Texas 76010

GUARDIAN AD LITEM TO
GRECIA TORRES

# SETTLEMENT AGREEMENT
## CONVENIO DE CONFORMIDAD

| | |
|---|---|
| This Settlement Agreement (the "Agreement") is made this ___ day of November, 1991, by and between SanJuana Torres, individually, as the Administratrix of the Estate of Raimundo Javier Torres, Deceased and as next friend of Grecia Torres, a minor; Carey Walker, guardian <u>ad litem</u> for the minor Grecia Torres, only child of Raimundo Javier Torres, Deceased (individually and collectively "UNDERSIGNED"); and Trinity Industries, Inc., its subsidiaries and affiliates and all of their directors, shareholders, officers, employees, agents, representatives, and counsel; and Employers Casualty Company and its agents, servants, attorneys, brokers and employees (individually and collectively "TRINITY"); on the terms set forth below. | Este Convenio de Conformidad (el "Convenio") se efectúa en este día ___ de Noviembre de 1991, por parte de y entre SanJuana Torres, individualmente, como Administradora de los Bienes de Raimundo Javier Torres, Finado, y como la partidaria más cercana de Grecia Torres, menor de edad; Carey Walker, tutor <u>ad litem</u> de la menor, Grecia Torres, única hija de Raimundo Javier Torres, Finado, (individualmente y en forma colectiva "INFRASCRITOS"); y la Cía. Trinity Industries, Inc., sus subsidiarios y asociados y todos sus directores, accionistas, funcionarios, empleados, agentes, representantes y abogados; y la Cía. Employer's Casualty y sus agentes, servidores, abogados, corredores y empleados (individualmente y en forma colectiva "TRINITY"; bajo los términos que a continuación se establecen. |

EXHIBIT 1-1

*Exhibit "1" to Final Judgement in CQ-90-412-A*

| | |
|---|---|
| By execution of this Agreement and by delivery and acceptance of the settlement payments provided below, the UNDERSIGNED agree that for and in consideration of the total settlement payment of two hundred thousand and no/100 Dollars ($200,000.00) paid by TRINITY to the UNDERSIGNED, (one hundred twenty-five thousand and no/100 Dollars ($125,000.00) to SanJuana Torres, individually; eight thousand three hundred thirty-three and 33/100 Dollars ($8,333.33) to SanJuana Torres as Administratrix of the Estate of Raimundo Javier Torres, Deceased and sixty-six thousand six hundred sixty-six and 67/100 Dollars ($66,666.67) to Grecia Torres, a minor) the receipt and sufficiency of which is acknowledged and confessed, the UNDERSIGNED, joined by their attorneys and with the approval and recommendation of the minor's | Mediante la ejecución de este Convenio y mediante la entrega y aceptación del pago del convenio como se establece a continuación, los INFRASCRITOS aceptan que por y en consideración del pago total del convenio por doscientos mil 00/100 Dólares Americanos ($200,000.00) pagados por TRINITY a los INFRASCRITOS, (ciento veinticinco mil 00/100 Dólares Americanos ($125,000.00) a SanJuana Torres, individualmente; ocho mil trecientos treinta y tres con 33/100 Dólares Americanos ($8,333.33) a SanJuana Torres como Administradora de los Bienes de Raimundo Javier Torres, Finado; y sesenta y seis mil seiscientos sesenta y seis con 67/100 Dólares Americanos ($66,666.67) a Grecia Torres, menor de edad) recibo y suficiencia de la cantidad que se acepta y admite, los INFRASCRITOS, junto con sus abogados y con el consentimiento y recomendación del tutor ad litem de la menor, por este medio ceden, perdonan, absuelven, y retiran la reclamación |

EXHIBIT 1-2

guardian ad litem, do hereby release, forgive, discharge, and quit claim TRINITY of and from any and all claims for exemplary damages, wrongful death, personal injury, bodily injury or property damages; for hospital, medical or burial expenses; for any and all claims now or later owned or assigned arising out of or in any way related to any alleged common law; statutory or regulatory breach of contract or bad faith action in connection with the handling of this claim by TRINITY; and every other loss, or claim or damages, actual or punitive; and from all demands, controversies, suits, disputes, liabilities, obligations, causes of action, known or unknown, arising from or which may arise in the future from any event or set of circumstances whatsoever out of the flash fire at TRINITY's facility located at 2548 N.E. 28th Street, Fort Worth,

contra TRINITY de y por todas y cada una de las demandas por daños punitivos, muerte por negligencia de otros, daños personales, lesiones o daños a la propiedad; por gastos médicos, de hospital o de funeral; por cualquiera y cada una de las demandas reconocidas actualmente o en el futuro o atribuidas en surgimiento de o relacionadas en cualquier forma con cualquier supuesta ley común; por incumplimiento estatutario o reglamentario del contrato o acción de mala fe en relación con la administración de esta demanda por parte de TRINITY; y por cualquier otra pérdida, o reclamación o daños, actual o punitiva; y por todas las demandas, controversias, acciones judiciales, conflictos, responsabilidades, obligaciones, derechos de demanda, conocidos ó desconocidos, que surjan o que puedan surgir en el futuro por cualquier evento o conjunto de eventos otros que el incendio relámpago que sucedió en los locales de TRINITY ubicados en 2548 N.E. 28th

EXHIBIT 1-3

Texas which occurred on April 11, 1990 and in which Raimundo Javier Torres was injured and killed (the "accident").

As additional consideration for the total settlement payment from TRINITY to UNDERSIGNED, the UNDERSIGNED agree to fully indemnify and hold TRINITY harmless, jointly and severally, from and all claims or alleged liability or obligations which may be made by any other person or entity, who may make claims that TRINITY is responsible or liable to the UNDERSIGNED for injuries or damages arising out of the injuries and death of Raimundo Javier Torres, Deceased, or by or through the UNDERSIGNED arising out of the injuries and death of Raimundo Javier Torres, Deceased, or for claims made by any health insurance carrier or benefits insurer or hospital or medical care provider, which arise from or

Street, Fort Worth, Texas el 11 de Abril de 1990 y donde Raimundo Javier Torres resultó herido y muerto (el "accidente").

Como consideración adicional para la aceptación total del convenio del pago de TRINITY a los INFRASCRITOS, los INFRASCRITOS aceptan indemnizar en su totalidad y declarar a TRINITY como inocente, en forma mancomunada y solidariamente, por cualquiera y cada una de las demandas o responsabilidades u obligaciones que cualquier otra persona o entidad le pueda atribuir, y que declare que TRINITY es responsable o culpable en favor de los INFRASCRITOS por daños o perjuicios que surjan debido a las lesiones y muerte de Raimundo Javier Torres, Finado, o mediante o a través de los INFRASCRITOS por surgimiento de las lesiones y muerte de Raimundo Javier Torres, Finado, o por demandas hechas por cualquier compañía aseguradora o aseguradora de beneficios u hospital o proveedor de cuidados médicos, que surjan o

EXHIBIT 1-4

relate to the injuries and death of Raimundo Javier Torres, Deceased.

The UNDERSIGNED also agree that they shall compensate their own attorneys in connection with the lawsuit styled SanJuana Torres, et. al. v. Trinity Industries, Inc., Cause No.CA4-90-812-A filed in the United States District Court for the Northern District of Texas, Fort Worth Division (the "Cause"), and with respect to other disputes and controversies arising from the accident, which fees are to be paid out of the total settlement payment made by TRINITY as set out in the Order Approving Settlement and Dismissal, entered in the Cause and attached hereto as Exhibit "A" and incorporated herein by reference.

It is also agreed that court costs incurred by UNDERSIGNED and TRINITY to the date of execution

que tengan que ver con las lesiones y muerte de Raimundo Javier Torres, Finado.

Los INFRASCRITOS también aceptan que ellos deberán compensar a sus propios abogados en relación con el juicio denominado SanJuana Torres, et. al. v. Trinity Industries, Inc., Causa No. CA4-90-812-A tramitada ante el Tribunal Federal de Primera Instancia de los Estados Unidos para el Distrito del Norte de Texas, División de Fort Worth (la "Causa"), y con relación a cualesquiera otras disputas y controversias que surjan del accidente, cuyos honorarios deberán ser pagados del total del pago acordado hecho por TRINITY como se especifica en la Orden de Aceptación del Convenio y Absolución de la Demanda, declarada en la Causa y adjuntada como Anexo "A" y que se incorpora como referencia.

También se acuerda que los gastos de corte incurridos por los INFRASCRITOS y TRINITY a la fecha de la ejecu-

EXHIBIT 1-5

| | |
|---|---|
| of this Agreement or entry of the Order Approving Settlement and Dismissal in this cause, whichever is [...], shall be paid pursuant to the Order Approving Settlement and Dismissal. TRINITY shall not be liable to UNDERSIGNED for any other court costs. | ción de este Convenio o declaración de la Orden de Aceptación del Convenio y Absolución de la Demanda en esta causa, lo que ocurra después, deberán pagarse según la Orden de Aceptación del Convenio y Absolución de la Demanda. TRINITY no deberá tener obligaciones con los INFRASCRITOS por cualesquiera otros costos de corte. |
| [...], UNDERSIGNED agree that [...] shall execute and cause the [attor]ney to execute any and all [docu]ments necessary to duly effect [...] the terms and conditions [of] this Agreement at any time [they] are so called upon by TRI[NITY] to do so. | Además, los INFRASCRITOS acuerdan que ellos ejecutarán y harán que sus abogados ejecuten cualquiera y todos los documentos necesarios para debidamente poner en vigor los términos y condiciones de este Convenio en todo momento en que TRINITY se los solicite. |
| [...] UNDERSIGNED specifically rep[resent] and warrant, and acknowledge [TRINITY]'s reliance on their rep[resentati]ons and warranty in ent[ering this] Agreement that: | Los INFRASCRITOS específicamente representan y garantizan, y reconocen la confianza que tiene TRINITY en sus representaciones y garantía al firmar este Convenio que: |
| (a) At the time of the [death] of Raimundo Javier [Torres], Deceased, he was survived by his wife, SanJuana | (a) En el momento de la muerte de Raimundo Javier Torres, Finado, él fué subsistido por su esposa, SanJuana Torres, quién ha |

EXHIBIT 1-6

Torres, who has been appointed Administratrix of the Estate of Raimundo Javier Torres, Deceased, and his minor child, Grecia Torres, and they are the sole beneficiaries under Texas Revised Civil Statutes Article 8306, and the sole heirs at law or beneficiaries who are entitled to receive any recovery on account of his injuries or death under the laws of the United States of America and the laws of the Republic of Mexico.

No UNDERSIGNED has pledged or set over to a third party any of the rights, claims, expectancies, causes or actions, of every variety, that have or could be asserted against TRINITY including but not limited to claims which are the subject of the

sido designada como Administradora de los Bienes de Raimundo Javier Torres, Finado, y su hija menor, Grecia Torres, siendo las únicas beneficiarias bajo los Estatutos Civiles Revisados de Texas del Artículo 8306, y las únicas herederas ante la ley o beneficiarias con derecho a recibir cualquier recuperación en relación con las lesiones y/o muerte bajo las leyes de los Estados Unidos de America y las leyes de la República Mexicana.

(b) Ninguno de los INFRASCRITOS han asignado, prometido o impuesto a cualquier tercera persona ninguno de los derechos, demandas, expectaciones, recuperaciones o acciones, o cualquier combinación, que hayan sido o que pudieran ser impuestos contra TRINITY incluyéndose pero sin limitarse a las demandas que son

EXHIBIT 1-7

release, indemnity or defense terms set forth in this Agreement;

(c) All hospital, medical, funeral, burial expenses and other similar related expenses arising from the injury and subsequent death of Raimundo Javier Torres, Deceased, and the accident have been finally and fully paid and no statutory or common law liens exist or persist in connection therewith; and

(d) Every UNDERSIGNED executing this Agreement is duly authorized to execute and enter into this Agreement in the capacity reflected herein.

The UNDERSIGNED also warrant and represent that they have read this entire instrument and that they understand that it is a full,

el sujeto de la cesión, indemnisación, o términos de defensa establecidos en este Convenio;

(c) Todos los gastos de hospital, médicos, de entierro y funeral y otros gastos similares que surgieron debido a las lesiones y subsecuente muerte de Raimundo Javier Torres, Finado, y al accidente han sido definitiva y totalmente pagados y no existe o persiste ningún derecho de retención por ley común en relación con este asunto; y

(d) Cada INFRASCRITO que firma este Convenio tiene la debida autorización para ejecutar y registrarse en este Convenio en la capacidad especificada en el mismo;

Los INFRASCRITOS también garantizan y representan que ellos han leído este documento en su totalidad y que entienden que es un convenio

EXHIBIT 1-8

final and complete settlement of any and all claims held, owned or possessed by any and all of the UNDERSIGNED against TRINITY and that it is their specific intention that TRINITY never pay them or any other person or entity anything other than the payment reflected herein as a result of the injuries to, and death of Raimundo Javier Torres, except that nothing in this settlement and Dismissal shall in any way affect or diminish the continuing obligations and benefits owed and due to the Plaintiffs from Trinity and Employers Casualty Company under the Worker's Compensation Statute of the State of Texas for the death of Raimundo Javier Torres.

The UNDERSIGNED acknowledge that this Agreement embodies the sole and entire Agreement of UNDERSIGNED and TRINITY relating to this matter. No verbal state-

definitivo, final y completo de todas y cada una de las demandas en su poder, pertenencia o posesión por cualquiera o todos los INFRASCRITOS en contra de TRINITY y que es su intención específica de que TRINITY nunca les pague a ellas o a otras personas o entidades nada más que el pago especificado en este documento como resultado de las lesiones a, y muerte de Raimundo Javier Torres, con la excepción de que nada de este Convenio y Absolución de la Demanda en cualquier forma afecten o disminuyan las continuas obligaciones y beneficios que se les deben y pagaderos a los Demandantes por parte de Trinity y la Cía. Employers Casualty bajo el Estatuto de la Compensación para los Trabajadores del Estado de Texas por la muerte de Raimundo Javier Torres.

Los INFRASCRITOS reconocen que este Convenio incluye el Convenio exclusivo y total entre los INFRASCRITOS y TRINITY con relación a este asunto. Ninguna declaración verbal,

EXHIBIT 1-9

ments, agreements, promises, undertakings or understandings, undertakings or arrangements made prior to, or contemporaneously with the execution hereof, shall be binding, unless expressly set forth herein or in the Order Approving Settlement and Dismissal. No verbal statements, agreements, promises, undertakings, arrangements, understandings or omissions of TRINITY or its agents, or counsel occurring subsequent to the date hereof, shall be deemed an amendment or modification hereof, unless first reduced to writing and signed by the UNDERSIGNED and TRINITY, their successors or assigns. breach of this Agreement may be waived only by a written waiver signed by the party or parties granting the waiver. The written waiver of any breach of this Agreement shall not operate or be construed as a waiver of any other similar or

acuerdo, promesa, entendimiento, compromiso, o arreglo hecho ántes de, o contemporáneamente a la ejecución del mismo deberá ser obligatoria, al menos que se establezca explícitamente en el mismo o en la Orden de Aceptación del Convenio y Absolución de la Demanda. Ninguna declaración verbal, acuerdo, promesa, entendimiento, arreglo, compromiso, acto u omisión de TRINITY o sus agentes o abogados que sucedan posteriormente a la fecha aquí indicada, deberá tomarse en consideración como rectificación o modificación del mismo, al menos que se presente previamente por escrito y se firme por los INFRASCRITOS y TRINITY o sus sucesores o apoderados. El incumplimiento de este Convenio únicamente puede ser diferido mediante un desistimiento por escrito y firmado por la parte o partes que otorguen el desistimiento. El desistimiento escrito de cualquier incumplimiento de este Convenio no deberá efectuarse o considerarse como desistimiento de

EXHIBIT 1-10

**English:**

...option or subsequent breach of this [Agreement]...

This Agreement is entered [into as a] compromise and settle[ment of] disputed claims and [obligations]... does not admit any ... or obligation to ...

Rather, it is [understood that] this Agreement is [entered into to] avoid protracted [and costly] litigation and to [settle all] controversy between [INFRASCRITOS and] TRINITY. UNDER[SIGNED acknowledge] that pursuit of [their] legal remedies [through the] various matters ... [might] have brought ... through litigation ... less satisfactory [than those] provided herein.

[This] Agreement is to be [executed] in both English and Spanish and all so executed shall constitute one and the same agreement.

**Spanish:**

cualquier otro incumplimiento similar, previo o subsecuente a este Convenio.

Este Convenio se establece como compromiso y convenio de las reclamaciones disputadas y TRINITY no acepta ninguna otra responsabilidad u obligación hacia los INFRASCRITOS. Más bien, se entiende que este Convenio se lleva a cabo para evitar costosos pleitos prolongados y para evitar controversias en el futuro entre los INFRASCRITOS y TRINITY. Los INFRASCRITOS reconocen que el conseguir sus correspondientes remedios legales relacionados con los asuntos varios aquí establecidos mediante litigación y juicio, pudo haber dado como resultado condiciones que pudieron haber sido más satisfactorias o menos satisfactorias que las que aquí se ofrecen.

Este Convenio será ejecutado tanto en inglés como en español y ambos, debidamente firmados, constituirán el mismo convenio siendo

EXHIBIT 1-11

ment and the English version only shall control and be determinative of the rights and obligations of the parties.

This Agreement shall be binding upon and inure to the benefit of the parties hereto, and their respective executors, administrators, heirs, legatees, successors and assigns.

This Agreement shall be construed and enforced under the law of the State of Texas and not under the law of the Republic of Mexico. Venue of any action to enforce this Agreement shall lie, to the extent any action is not more appropriately brought in Tarrant County, Texas, exclusively in Dallas County, Texas and the UNDERSIGNED and TRINITY forever waive any assertion that personal jurisdiction over them does not

la versión en inglés la única que controlará y será la determinante de los derechos y obligaciones de las partes.

Este Convenio deberá ser obligatorio y se llevará a efecto en beneficio de las partes establecidas, y sus respectivos ejecutores, administradores, herederos, legatarios, sucesores y asignados.

Este Convenio deberá interpretarse y ponerse en vigor de acuerdo a la ley del Estado de Texas y nó bajo la ley de la República Mexicana. La jurisdicción de cualquier acción para poner en vigor este Convenio deberá ejecutarse exclusivamente en el Condado de Dallas, Texas, salvo si la acción es más apropiadamente pronunciada en el Condado de Tarrant, Texas, y los INFRASCRITOS y TRINITY desisten para siempre de cualquier reivindicación en el sentido de que la jurisdicción personal sobre ellos no

EXHIBIT 1-12

lie in the federal or state courts of Dallas County, Dallas, Texas.

It is the intent of the parties to this Agreement to comply with the applicable requirements of the Internal Revenue Code. All income tax liability, if any, with respect to the settlement payments shall be the sole [responsibility of the] UNDERSIGNED.

Upon execution of this Agreement, UNDERSIGNED, the UNDERSIGNED shall direct their attorneys to enter into the Order Approving Settlement and Dismissal, in the form of Exhibit "A" hereto, and to be filed in the Cause. On filing and payment of the settlement monies, counsel for the UNDERSIGNED shall submit the Approving Settlement and Dismissal to the Court and shall move the Court for entry of such pleadings.

se ejecutará en las cortes federales o estatales del Condado de Dallas, Dallas, Texas.

La intención de las partes de este Convenio es de cumplir con los requisitos aplicables para el código de los Impuestos Sobre la Renta. Todas las obligaciones por impuestos sobre los ingresos, en caso de que existan, deberán ser pagados exclusivamente por los INFRASCRITOS.

Mediante la firma de este Convenio por parte de los INFRASCRITOS, los INFRASCRITOS deberán indicarles a sus abogados que entablen la Orden de Aceptación del Convenio y Absolución de la Demanda como Anexo "A" adjunto, y que la registren en la Causa. Con respecto al juicio y pago de las cantidades del Convenio, el agobado de los INFRASCRITOS deberá someter a la Corte la Orden de Aceptación del Convenio y Absolución de la Demanda y deberá peticionar que la Corte acepte tales escritos.

EXHIBIT 1-13

| | |
|---|---|
| The UNDERSIGNED represent that upon entry of the Order Approving Settlement and Dismissal any of UNDERSIGNED's rights, claims and causes of action not extinguished by this Agreement are forever assigned to Trinity. | Los INFRASCRITOS representan que una vez aceptada la Orden de Aceptación del Convenio y Absolución de la Demanda, cualesquiera de los derechos, reclamaciones y derechos de demanda no abolidos en este Convenio por parte de los INFRASCRITOS serán cedidos para siempre a TRINITY. |
| The UNDERSIGNED have carefully reviewed this Agreement in consultation with their attorneys and expressly state that they understand its terms, acknowledging that they sought legal advice from their undersigned counsel with respect to this Agreement. UNDERSIGNED acknowledge and agree that this Agreement has been prepared in joint effort by UNDERSIGNED's and TRINITY's attorneys and that UNDERSIGNED have relied wholly upon their own judgment and knowledge and have not been influenced | Los INFRASCRITOS han revisado cuidadosamente este Convenio con la asesoría de sus abogados y expresamente declaran que han entendido sus términos, reconociendo que solicitaron consejo legal de su abogado suscribiente con respecto a este Convenio. Los INFRASCRITOS reconocen y están de acuerdo en que este Convenio ha sido preparado en conjunto esfuerzo entre los abogados de los INFRASCRITOS y de TRINITY, y que los INFRASCRITOS se han basado completamente en sus propios juicios y conocimientos y no han sido infuleciados de ninguna manera en la elaboración de este Convenio por |

EXHIBIT 1-14

to any extent whatsoever in making this agreement by any representations or statements made by any representatives or agents of TRINITY other than the express language of this Agreement. This Agreement is acknowledged to be the result of substantial negotiations between the UNDERSIGNED and TRINITY, and has been prepared and reviewed by UNDERSIGNED's attorneys accordingly.

Carey Walker is not a party to this agreement in his individual capacity, but only in his capacity as guardian ad litem for the minor Grecia Torres, and he shall not under any circumstances have any liability or responsibility to any party in his individual capacity arising from this agreement or any fact mentioned or any representation made in this agreement.

---

cualesquiera declaraciones hechas por representantes o agentes de TRINITY que no sea el lenguaje manifestado en este Convenio. Se reconoce que este Convenio es el resultado de considerables negociaciones entre los INFRASCRITOS y TRINITY, y consecuentemente ha sido debidamente preparado y revisado por los abogados de los INFRASCRITOS.

Carey Walker no es parte de este convenio dentro de su capacidad individual, pero sólo dentro de su capacidad como tutor ad litem de la menor Grecia Torres, y no deberá bajo ninguna circunstancia tener cualquier obligación o responsabilidad hacia ninguna parte dentro de su capacidad individual que surja de este convenio, o de cualquier factor mencionado, o de cualquier representación hecha en este convenio.

EXHIBIT 1-15

IN WITNESS WHEREOF, we have ejecutado este Convenio el ejecuted this Agreement on the 3rd day of December, 1991.

EN TESTIMONIO dia de Noviembre de 1991.

By: (Po__)
SanJuana Torres, Individually, as the Administratrix of the Estate of Raimundo Javier Torres, Deceased, and as next friend of Grecia Torres, a minor.
(SanJuana Torres, Individualmente, Como Administratoda de los Bienes de Raimundo Javier Torres, Finado, Y como partidaria más cercana de Grecia Torres, menor de edad.)

## CERTIFICATE OF ACKNOWLEDGEMENT OF EXECUTION OF INSTRUMENT

I, Martha A. Husted, Vice Consul of the United States of America at Monterey, Mexico duly commissioned and qualified, do hereby certify that on this ___ day of December, 1991, before me, personally appeared SanJuana Torres, known to me to be the person whose name is subscribed to the foregoing instrument, and who executed the foregoing instrument, and being informed of the contents of said instrument, she duly acknowledged to me that she executed the foregoing instrument freely and voluntarily for the uses, purposes and considerations stated therein, and with authority to do so in the capacities therein stated.

IN WITNESS whereof, I have here unto set my hand and Official Seal this 3rd day of December 1991, last above written.

By: Martha A. Husted
Vice-Consul of the United States of America at Monterey, Mexico

( S E A L )

SETTLEMENT AGREEMENT/CONVENIO DE CONFORMIDAD

Exhibit 1-16

Page 16

By: _____
Carey Walker
Guardian ad litem for Grecia Torres

THE STATE OF TEXAS }
COUNTY OF TARRANT }

BEFORE ME, the UNDERSIGNED authority, on this day personally appeared Carey Walker, Guardian ad litem for Grecia Torres, known to be to be the person whose name is subscribed to the foregoing instrument, and on his oath stated that he has entered into the foregoing instrument for the purposes and considerations stated therein, in the best interest of Grecia Torres, and in the capacity reflected above.

SUBSCRIBED AND SWORN TO BEFORE ME this 20 day of ~~November~~ December, 1991.

_____
NOTARY PUBLIC, in and for
The State of Texas

MY Commission Expires:



Dianne C. Gerron
Notary Public State of Texas
My Commission Expires Oct. 8, 1992

SETTLEMENT AGREEMENT/CONVENIO DE CONFORMIDAD

Page 17

Exhibit 1-17

AGREED AS TO FORM AND CONTENT:

LAW OFFICES OF FRANK L. BRANSON

J. Steven King
State Bar No. 11449200
Highland Park Pl., 18th Floor
4514 Cole Ave
Dallas, Texas  ...5-4185

ATTORNEY FOR ...GNED

LOCKE PURNELL ... HARRELL
(A Professional ...rporation)

David G. McC...
State Bar ... 13474500
2200 Ross Av... Suite 2200
Dallas, Texa... ...01-6776
(214) 740-8...
(214) 740-8... (fax)

ATTORNEY FOR ...ITY